IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODOLFO McCANDLESS
FALCON, IV                                                                                          PETITIONER

VS.                                                              CIVIL ACTION NO.  3:21-cv-376-KHJ-FKB

COMMISSIONER BURL CAIN                                                        RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Rodolfo McCandless Falcon, IV, pursuant to 28 U.S.C. § 2254.  *See* [1].  Respondent filed a Motion to Dismiss [12] in which he argues that the petition should be dismissed because it contains both exhausted and unexhausted claims.  [12] at 2.  Petitioner filed a Response [14] asking for the Court to hold the petition in abeyance while he awaits a ruling by the Mississippi Supreme Court on his state motion for post-conviction relief.  Thereafter, Respondent filed a Supplement [15] to the Motion to Dismiss informing the Court that both of Plaintiff's claims are now exhausted and, therefore, the Motion to Dismiss [12] is moot.  *See* [15] at 2-3; *see also* [15-1] (order denying post-conviction relief).

Accordingly, the undersigned recommends that the Motion to Dismiss [12] be denied as moot.  The undersigned further recommends that, in the event this Report and Recommendation is adopted, Respondent be given thirty (30) days from entry of the Order adopting the Report and Recommendation to file an answer or other responsive pleading to the petition.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 25th day of April, 2022.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).